## In re Andrews Land Corporation

*B. A. Baur* and *J. C. Barber*, contra.

*W. B. Washabaugh, Jr.*, for exceptant.

EVANS, P. J., January 17, 1947.—This matter is before us on exceptions to our order of September 17, 1945, approving the private sale of property purchased by the county commissioners at tax sale and sold to O. M. Mahoney for the sum of $480 and costs.

On August 27, 1945, the commissioners filed a petition setting forth that Lots 310 and 311, Glenwood Hills, on West Forty-first Street and Eliot, assessed and returned for unpaid taxes in the name of Andrews Land Corporation, had been purchased by the county commissioners on December 20, 1937, at a tax sale for delinquent taxes for the years 1931 and 1932; that O. M. Mahoney had made an offer to purchase said property for the sum of $430 plus costs. The petition asked for authority to make a private sale under these terms, and a preliminary order was entered fixing September 6, 1945, for hearing. This hearing was continued until September 10, 1945, at which time the court referred the matter back to the commissioners for further consideration because the property owner filed an objection to the sale and made an offer of $473 plus costs.

The county commissioners held an informal meeting at which O. M. Mahoney and a representative of the property owner were present. Mr. Mahoney there made the highest offer and because of this fact and the fact that he had undergone an expense of $38.75, to have the title examined, the commissioners again recommended a private sale to O. M. Mahoney and this recommendation was adopted and an order of court was made accordingly. The owner then filed exceptions and made an offer of 10 percent more than the sum offered and accepted with approval of court.

Exceptant contends that this right of redemption exists under the provisions of the Act of May 21, 1943, P. L. 364, but we find no provision therein granting such privilege after private sale. The Act of May 24, 1945, P. L. 945, specifically provides that, following a public sale, any owner of property so sold may redeem the property within 10 days after the date of said sale upon the payment of the bid price and costs of sale and a penalty of 10 percent of the bid price. That right, however, accrues to the property owner only where there has been a public sale. The act specifically

provides that the commissioners may, after the expiration of the redemption period, "sell such lands at public sale, *as provided by this act,* or at private sale, in the manner provided by law for such private sales, . . ." The owner's rights are confined to those specifically given him by statute and we conclude that our order of September 17, 1945, authorizing the private sale to O. M. Mahoney, must be affirmed.

And now, to wit, January 17, 1947, the exceptions to our order of September 17, 1945, authorizing the private sale to O. M. Mahoney, must be dismissed, and the commissioners are directed to give proper deed to O. M. Mahoney on receipt of the sum of $480 plus the costs of sale for property known as Lots 310 and 311, Glenwood Hills, West Forty-first and Eliot, index no. 5340-103-104, City of Erie, Pa.